J-S15015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYZAHAE DAVENPORT | |
| Appellant | No. 1674 EDA 2017 |

Appeal from the PCRA Order entered May 8, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0503141-1996

BEFORE:  STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 14, 2018**

Appellant, Tyzahae Davenport, *pro se* appeals from the August 10, 2017 order of the Court of Common Pleas of Philadelphia County, dismissing his fourth petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background of the instant matter is uncontested.  Briefly, following a bench trial, Appellant was found guilty of two counts of murder as well as one count each of arson, criminal conspiracy, aggravated and simple assault, and recklessly endangering another person. On May 28, 1998, the trial court sentenced Appellant to consecutive terms of life imprisonment for the murder convictions, plus a concurrent term of five to ten years' imprisonment for the conspiracy conviction.  On direct appeal, we affirmed.  ***See Commonwealth v. Davenport***, No. 2825 EDA 1999,

unpublished memorandum, (Pa. Super. filed June 20, 2000). Appellant did not file a petition for allowance of appeal to the Supreme Court.

Subsequently, Appellant filed three PCRA petitions, all of which were unsuccessful. Appellant filed the instant petition, his fourth, on February 17, 2017, which the PCRA court dismissed as untimely on May 8, 2017. This appeal followed.

On appeal, Appellant argues that the PCRA court erred in dismissing the instant petition. Specifically, Appellant argues that the PCRA court erred in: (i) not finding that he properly alleged and proved "newly discovered facts" supporting the timeliness of the instant petition, (ii) in holding him, a layperson, to the same standards required for attorneys, and (iii) not appointing him counsel.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa.

2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[1] claim separate from consideration of its timeliness).

At issue here is the timeliness exception set forth in Section 9545(b)(1)(ii), the newly-discovered facts exception, which requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

As noted, under the newly-discovered facts exception, a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence. *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Due diligence demands the petitioner to take reasonable steps to protect his own interests. *See Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). This standard, however, does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted).

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

In his brief, Appellant argues he learned that two witnesses, Earl Lilly (Appellant's co-conspirator) and Christopher Lee lied to the police about Appellant's involvement in the underlying crimes, and that he learned about the lies sometime between December 22, 2016 and March 9, 2017 as a result of an investigation conducted by the Innocence Project. Appellant also states that he filed the instant petition "within 60 days of the date the claim could have been presented." Appellant's Brief at 17. As noted, Appellant filed the instant petition on February 17, 2017.

Despite the lengthy dissertation on the law regarding the newly-discovered facts exception, the entire explanation on how he met the exception can be summarized as follows. Appellant learned about the witnesses' lies to the police only thanks to the investigation conducted by the Innocence Project and that "[n]o amount of due diligence would/could determine when one would finally reveal the truth." Appellant's Brief at 17.

There are a few problems with Appellant's argument. First, Appellant was aware of the witnesses' lies for at least 19 years. Indeed, in his direct appeal to this Court, Appellant argued that trial counsel was ineffective for failing to call Lilly, who would have testified that Appellant did not participate in the underlying crimes.[2] Thus, the "facts" raised here as the basis for the

_____

[2] We concluded that the claim failed because Appellant did not support it with a statement that Lilly was available to testify on Appellant's behalf. **Commonwealth v. Davenport**, No. 2825 EDA 1999, unpublished memorandum at 9 (Pa. Super. filed June 20, 2000).

instant petition were known to Appellant for many years and he could have acted on them in a much more timely manner.[3]   Additionally, Appellant provides no details on the "the amount of due diligence" he put in pursuing this matter, despite the fact he "has always maintained his innocence and knew people were lying."  *Id.*   Accordingly, we conclude Appellant failed to plead and prove he met the requirements of the newly-discovered facts exception.  The instant petition is therefore untimely.

As justification for the deficiencies in his handling of the instant petition, Appellant blames, to no avail, his *pro se* status.  Appellant fails to acknowledge that

> [u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants.  **See Commonwealth v. Williams**, 586 Pa. 553, 896 A.2d 523, 534 (2006) (pro se defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written pro se submission than is fairly conveyed in the pleading.

**Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014).

---

[3] Appellant also mentions Lee's statements as a source of new facts, *i.e.*, Appellant was not involved in the crimes.  We disagree.  Lee's statements pertain to facts known to Appellant since, as noted above, at least the time of trial.  Lee's statements, if anything, are just another conduit for the same claim.  Accordingly, Lee's statements do not qualify as new facts for purposes of the newly-discovered facts exception.  **See Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) ("[t]he focus of the exception is on [the] newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts") (citation and internal quotation marks omitted) (emphasis in original).

In a related claim, Appellant argues the PCRA court erred in not appointing him counsel. Appellant was entitled to counsel on his first petition PCRA petition. **See** Pa.R.Crim.P. 904(C). The instant petition is his fourth. Accordingly, he is not eligible for court-appointed counsel. Additionally, a PCRA court will appoint counsel on second or subsequent petition when an evidentiary hearing is required. Pa.R.Crim.P. 904(D). No evidentiary hearing was required here. The existing record belies Appellant's contention that he only recently learned of witnesses' lies to the police. Because no hearing was required under the circumstances, the PCRA court did not err in not appointing counsel for Appellant. Finally, a PCRA court may appoint counsel whenever the interest of justice requires it. Pa.R.Crim.P. 904(E). Because the instant petition is untimely and Appellant failed to plead and prove he met the newly-discovered facts exception, there is no indication in the record that the PCRA court erred or abused its discretion in not appointing counsel for Appellant in the instant matter.

Finally, Appellant argues the PCRA court erred in dismissing his petition without holding an evidentiary hearing. As explained *supra*, we have concluded that the PCRA court properly found Appellant's petition untimely, which deprived the court of the authority to further entertain it. Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's petition without a hearing. **See Marshall**, 947 A.2d at 723.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/18